# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,
    Plaintiff,             )
                              )
                              )     Def. I.D. # 0603014298
    v.                        )
                              )
                              )
DAVID WATSON,        )
                              )
    Defendant.         )

Submitted: February 16, 2023
Decided: May 2, 2023

*Upon Defendant's Amended Motion for Correction of Illegal Sentence Pursuant to Superior Court Rule 35(a)*

## DENIED

## MEMORANDUM OPINION AND ORDER

David Watson, SBI# 00457352, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE, 19977, *Pro Se*.

Natalie S. Woloshin, Esquire, 3200 Concord Pike, Wilmington, DE 19803; Rule 61 Postconviction Counsel for Defendant David Watson.

Edward C. Gill, Esquire, 16 North Bedford Street, Georgetown, DE, 19947; Rule 61 Postconviction Counsel for Defendant David Watson.

Michael Tipton, Esquire, Deputy Attorney General, Department of Justice, 13 The Circle, Georgetown, DE 19947; Attorney for State of Delaware.

**KARSNITZ, R. J.**

# I.    INTRODUCTION

On April 7, 2014, Defendant David Watson ("Movant") timely filed his first *pro se* Rule 61 Petition (the "Petition"). On December 19, 2014, the Court stayed the matter. On October 26, 2021, the Court lifted the stay. On February 22, 2022, Movant re-filed his *pro se* Petition. Movant is now represented in the Rule 61 proceeding by the Postconviction Counsel appointed to represent him, addressed above. Postconviction Counsel have been granted until June 30, 2023 to file an Amended Petition for Postconviction Relief.

On February 16, 2023, Movant filed a separate *pro se* Motion for Correction of Illegal Sentence under Criminal Rule 35(a) (the Motion"). Movant points to a disparity between the transcript of the December 19, 2012 Sentencing Hearing the December 19, 2012 Sentence Order itself. He claims the sentence exceeds the original number of years of suspended Level V time by one year, and that therefore one year should be taken off his Level V time.

# II.    SENTENCING HISTORY

There are seven (7) Sentence Orders in this case. Three of them are original Sentence Orders and four of them are Corrected or Modified Sentence Orders.

**Original Sentence Orders**

**Guilty Plea**

On December 6, 2006, Movant entered a guilty plea to six (6) felony charges and was sentenced as follows:

Possession of a Firearm During the Commission of a Felony

Three years at Level V with credit for 234 days previously served.

First Degree Robbery

Ten years at Level V, suspended after three years for four years at Lever III.

Carrying a Concealed Deadly Weapon

Two years at Level V, suspended for one year at Level III.

Third Degree Burglary

Two years at Level V, suspended for one year at Level III.

Third Degree Burglary

Two years at Level V, suspended for one year at Level III.

Theft of a Firearm

Two years at Level V, suspended for one year at Level III.

Movant served the six years of Level V time and entered into probation.

**VOP #1**

On December 19, 2012, Movant was found guilty of a violation of probation ("VOP") and sentenced as follows:

2

<u>First Degree Robbery</u>

Seven years at Level V, suspended for four years at Level III.

<u>Carrying a Concealed Deadly Weapon</u>

Two years at Level V, suspended for one year at Level III.

<u>Third Degree Burglary</u>

Two years at Level V, suspended for one year at Level III.

<u>Third Degree Burglary</u>

Two years at Level V, suspended for one year at Level III.

<u>Theft of a Firearm</u>

Two years at Level V, suspended for one year at Level III.

**VOP #2**

On March 21, 2013, Movant was found guilty of another VOP and sentenced as follows:

<u>First Degree Robbery</u>

Seven years at Level V, no probation to follow.

<u>Carrying a Concealed Deadly Weapon</u>

Two years at Level V, no probation to follow.

<u>Third Degree Burglary</u>

Two years at Level V, no probation to follow.

3

<u>Third Degree Burglary</u>

Two years at Level V, no probation to follow.

<u>Theft of a Firearm</u>

Two years at Level V, followed by six months at Level III.

In ither words, Movant was sentenced to the suspended portion of his sentence for cumulative imprisonment for fifteen years at Level V.

Movant appealed to the Delaware Supreme Court, which affirmed on November 26, 2013.

**Corrected or Modified Sentence Orders**

The original December 6, 2006 Sentence Order has been corrected or modified four times, as follows:

**June 14, 2010 Corrected Sentence Order**

This Order increased the credit for time served on the PFDCF offense from 234 days to 260 days, with no "good time."

**September 14, 2010 Corrected Sentence Order**

This Order clarified that the first three years of the First Degree Robbery sentence are minimum, not mandatory.

**March 23, 2011 Corrected Sentence Order**

This Order increased the credit for time served on the PFDCF offense from 260 days to 265 days.

**February 23, 2012 Modified Sentence Order**

This Order added zero tolerance for positive urine screens and non-compliance with treatment.

## III. DISCREPANCY BETWEEN ORDER AND TRANSCRIPT

There are two transcripts attached to the Motion: the December 19, 2012 first VOP sentencing and the March 21, 2013 second VOP sentencing. In the first transcript, the Court states that the sentence for one of the Third Degree Burglary offenses is "one year [at Level V] suspended for one year Level III." In the second transcript, however, the Court states that the same sentence is "two years left. Two years." Throughout the second transcript, the Court speaks frequently of fifteen years of Level V time being available. Indeed, it imposed fifteen years at Level V on Movant for the second VOP.

Movant claims that, given this discrepancy, the first transcript governs and preempts both the second transcript and the Sentence Orders themselves, which both state that two years is imposed for both of the Third Degree Burglary offenses. I disagree. The error in the first transcript may be a court reporter error or a misstatement by the Court; we do not know. But both the December 19, 2012 VOP

5

Sentence Order and the March 21, 2013 VOP Sentence Order both provide for two years at Level V, not one. They govern over the transcripts. Movant's claim that one year should be taken off his Level V time is unavailing.

For the foregoing reasons, Movant David Watson's Motion for Correction of Illegal Sentence is **DENIED**.

**IT IS SO ORDERED**.

_____
/s/ Craig A. Karsnitz

cc:     Prothonotary